JS-6



1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEE BAILEY, individually, and on behalf of all others similarly situated, | Case No.  2:20-cv-03754-DSF-AFM |
| Plaintiff, | **ORDER APPROVING PAGA SETTLEMENT AND DISMISSING ACTION** |
| v. | |
| UNITED GROUND EXPRESS, INC., and DOES 1 THROUGH AND INCLUDING 10, | |
| Defendants. | |

        Having  read  and  considered  the  Amended  Stipulation  to  Approve  PAGA
Settlement and Dismiss Action of the Parties, and having found the PAGA Settlement
to be fair, adequate, and reasonable, the Court  ORDERS:

        1. The  PAGA  Settlement  described  herein,  which  settles  and  releases
Plaintiff's PAGA claim on an individual basis only, as set forth in the
PAGA Settlement Agreement attached as **<u>Exhibit A</u>** to the Stipulation, is
hereby approved;

2. Defendant shall make the payments described in the PAGA Settlement Agreement, as set forth in **Exhibit A** to the Stipulation;

3. Plaintiff's Individual Claims are hereby dismissed with prejudice;

4. The PAGA claims of Aggrieved Employees as defined in the Action are dismissed, without prejudice, except as to Plaintiff as set forth in the Parties' Stipulation and in **Exhibit A** to the Stipulation;

5. As set forth in the Parties' Stipulation, the Court finds that the factors set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) favor settlement of Plaintiff's Individual Claims and dismissal of the class claims without prejudice to the putative class and without the necessity of issuing class notice;

6. The Class Claims are dismissed without prejudice to the putative class;

7. The Action is dismissed in its entirety as to all Parties as set forth herein;

8. All Parties shall bear their respective fees and costs except as expressly provided in the settlement of Plaintiff's Individual Claims; and

9. The PAGA Settlement shall be enforceable by the Court and the Court shall retain exclusive and continuing equity jurisdiction of this Action over all Parties and Aggrieved Employees to interpret and enforce the terms, conditions and obligation of the Agreement.

**IT IS SO ORDERED.**

DATED:  June 5, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

DocuSign Envelope ID: 7A3BC891-202E-433B-A60B-D438C3CF98A7

## PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT AND RELEASE

This Private Attorney General Act Settlement and Release Agreement ("PAGA Settlement Agreement") is made and entered into by Ashlee Bailey ("EMPLOYEE") and United Ground Express, Inc. ("UGE" or the "Company") (together, the "Parties," or separately as a "Party").

## RECITALS

A.      WHEREAS, on or around November 15, 2019, EMPLOYEE'S employment with UGE ended ("Separation Date");

B.      WHEREAS, on January 7, 2020, EMPLOYEE filed a notice with the Labor and Workforce Development Agency under the California Private Attorneys General Act ("PAGA") asserting various alleged Labor Code and wage and hour violations, which was also sent to UGE ("PAGA Notice");

C.      WHEREAS, on March 20, 2020, EMPLOYEE filed a lawsuit against UGE in the Superior Court for the County of Los Angeles, which was designated as Case No. 20STCV11158, asserting class claims based on purported wage and hour violations, as well as a claim for penalties under PAGA (the "Action");

D.      WHEREAS, on April 23, 2020, UGE filed its Answer to EMPLOYEE's Action;

E.      WHEREAS, on April 24, 2020, UGE removed the lawsuit to the United States District Court for the Central District of California, which was ultimately designated as Case No. 2:20-cv-03754-DSF-AFM and assigned to Judge Dale S. Fischer;

F.      WHEREAS, by way of the Action, the PAGA Notice and otherwise, EMPLOYEE has asserted and threatens to assert claims on behalf of herself, the State of California and Other California Employees as alleged in the Action;

G.      WHEREAS, UGE contends it has satisfied all of its obligations to EMPLOYEE and the allegedly aggrieved employees she seeks to represent, as UGE has paid all wages and benefits, including overtime, minimum wages, and meal and rest period premiums, due and owing to them and UGE denies all of EMPLOYEE's allegations in the Action and PAGA Notice;

H.      WHEREAS, UGE denies all of the allegations EMPLOYEE makes in the Action and denies that it engaged in any unlawful activity whatsoever;

I.      WHEREAS, there is a *bona fide* good faith dispute between EMPLOYEE and UGE as to the merits of EMPLOYEE's asserted and threatened claims under PAGA;

J.      WHEREAS, the Parties now mutually desire to settle EMPLOYEE's individual PAGA claim arising out of EMPLOYEE's employment with and separation from UGE; and

K.      WHEREAS, EMPLOYEE is not pursuing a representative PAGA claim on behalf of other individuals.

DocuSign Envelope ID: 7A36C69A-36E2-435B-A60B-5438C3EF98A4

**NOW, THEREFORE**, in consideration of the terms, conditions, and promises set forth herein, it is agreed as follows:

## TERMS AND SETTLEMENT

1.     Definition of Releasees.    Reference in this PAGA Settlement Agreement to "Releases" shall include United Ground Express, Inc. and each of UGE's past, present and future parents, predecessors, successors, subsidiaries, affiliates, divisions, companies, joint ventures, and entities or individuals acting under, by, though, or in concert with UGE, including but not limited to its past and present owners, officers, directors, board members, employees, insurers, agents, and attorneys and their respective predecessors, successors and assigns.

2.     Approval of PAGA Settlement and Dismissal of Action As Conditions Precedent to Payment of Monies.    In conjunction with this PAGA Settlement Agreement, the Parties are filing with the Court a Stipulation for Approval of PAGA Settlement And Dismissal of Action ("PAGA Settlement and Stipulation") by which the Parties resolve, settle and discharge the Action on an individual basis with prejudice and dismissing the class and representative claims without prejudice subject to Court approval. This Agreement is contingent upon execution by the Parties and approval by the Court of the PAGA Settlement and Stipulation. The Court's unconditional approval of the PAGA Settlement and Stipulation approving the PAGA settlement and dismissing the Action as set forth above is an express condition precedent to UGE and EMPLOYEE's obligations under this PAGA Settlement Agreement (including, but not limited to, all payment obligations).  If the PAGA Settlement and Stipulation is not unconditionally approved by the Court, then: (1) this PAGA Settlement Agreement shall be null and void; (2) neither the Settlement nor any of the related negotiations or proceedings shall be of any force or effect; and (3) all Parties to the Settlement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

3.     Settlement Payment/Consideration In consideration for EMPLOYEE's agreement to settle and release her individual claim under PAGA, UGE agrees to pay Four Hundred Dollars and Zero Cents ($400.00) to settle and release EMPLOYEE's individual PAGA claim, of which: (1) $300.00 (representing 75% of said $400.00) will go to the Labor & Workforce Development Agency ("LWDA"); and (2) $100.00 will be payable to "Ashlee Bailey" and shall represent payment for PAGA penalties and for which a form 1099 shall issue. Counsel for UGE shall distribute said amounts to the LWDA and to EMPLOYEE no later than twenty (20) days after the Court grants approval of the PAGA settlement. EMPLOYEE agrees that UGE's designation of settlement funds in the manner set forth in this paragraph is fully acceptable. EMPLOYEE further acknowledges that the foregoing constitutes an accord and satisfaction and a full and complete settlement of EMPLOYEE's individual PAGA claim. UGE's payment set forth in this paragraph shall constitute the entire consideration to be provided to EMPLOYEE pursuant to this PAGA Settlement Agreement and for resolution of her individual PAGA claim. EMPLOYEE agrees not to seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this PAGA Settlement Agreement.

DocuSign Envelope ID: 7A3BC891-202E-433B-A60B-D438C3CF98A7

    4.    <u>Effective Date</u>: The Effective Date of this PAGA Settlement Agreement is the date that the Court approves the PAGA Settlement and Stipulation as set forth in Paragraph 2. EMPLOYEE represents that she does not seek to pursue a PAGA claim on behalf of other aggrieved employees and therefore a dismissal with prejudice on behalf of other alleged "aggrieved employees" is not warranted. To the extent the Court does not approve the PAGA Settlement and Stipulation, the Parties and their counsel agree that they will cooperate with each other and use their best efforts to effect the PAGA Settlement to obtain Court approval for same.

    5.    <u>LWDA Notification</u>: Bailey will timely provide the notifications and submission to the LWDA as required by Labor Code section 2699(l).

    6.    <u>Tax Treatment/Indemnification</u>.  Baily acknowledges and agrees that UGE has not made any representations regarding the tax consequences of any payment made pursuant to this Agreement.  EMPLOYEE agrees that she is responsible for payment of any and all taxes on the payments made pursuant to this PAGA Settlement Agreement.  Bailey further agrees to indemnify, hold harmless and defend UGE against any and all claims, demands, or liabilities that may be asserted by any governmental agency (including but not limited to any local, state or federal taxing authority or agency) against UGE for any federal, state or local taxes or penalties that may be payable as a result of any payment made pursuant to this PAGA Settlement Agreement.  In addition, EMPLOYEE agrees to pay any and all interest or penalties charged to or assessed against UGE based on any payment made pursuant to this PAGA Settlement Agreement.

    7.    <u>Release of PAGA Claims.</u>  To the greatest extent permitted by law, Bailey individually and on behalf of herself only freely, knowingly and voluntarily releases and forever discharges UGE and the Releasees of and from all manner of actions, suits, claims, damages, liabilities, penalties, arbitrations, charges, claims for attorneys' fees, interest, expenses and costs, judgments, awards, orders, executions or demands of any nature whatsoever, whether known or unknown, suspected or unsuspected, against Releasees or any of them, which EMPLOYEE ever had, now has, or which EMPLOYEE or EMPLOYEE's heirs, assigns, executors or administrators hereafter can, shall or may have arising under the California Private Attorneys General Act (California Labor Code section 2698 *et seq.*) which includes claims brought under the PAGA predicated upon California Labor Code Sections 201-204, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Sections 3, 4, 5, 11, and 12 of the Wage Order, and/or any other California Labor Code provisions that could have been asserted under the PAGA in connection with the Action and/or PAGA Notice ("Released Claims"), including but not limited to any claims for penalties, wages, interest and/or attorneys' fees and costs thereon arising from any and all of the Released Claims.  All such Released Claims (including, without limitation, claims for related attorneys' fees and costs) are forever barred by this PAGA Settlement Agreement regardless of the forum in which they may be brought.

    Nothing in this Agreement shall affect any state or federal government agencies' rights and responsibilities to enforce the California Labor Code or any other applicable law, nor shall anything in this Agreement be construed as a basis for interfering with EMPLOYEE's protected right to file a timely charge with, or participate in an investigation or proceeding with a state, federal or local government entity; provided, however, that if the state, federal or local government entity commences an investigation on EMPLOYEE's behalf pertaining to the claims asserted in the Action and/or PAGA Notice, EMPLOYEE specifically waives and releases her right, if any,

DocuSign Envelope ID: 7A3BC891-2022-433B-A60B-D438C3CF98A7

to recover any monetary or non-monetary benefits of any sort whatsoever arising from any such investigation or otherwise and from any such administrative charge or complaint filed with any government agency other than the NLRB.

8.   <u>No Admission of Liability.</u>   This PAGA Settlement Agreement shall not be construed as an admission by UGE or the Releasees of liability or of any violation of the rights of EMPLOYEE or any person, or of any violation of any law, statute, duty or order whatsoever.  UGE and the Releasees do not admit that they ever violated any provision of the California Labor Code, including, but not limited to, those sections for which EMPLOYEE seeks relief, including under the PAGA, or of any other law.  UGE and the Releasees specifically disclaim any liability to EMPLOYEE or any other person, including any allegedly aggrieved employees, for any violation of any contract, law, statute, duty, order, or any other basis.  This PAGA Settlement Agreement shall not be used or offered as evidence to establish liability against UGE or the Releasees in any subsequent action or proceeding; provided, however, this shall not prevent the PAGA Settlement Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the PAGA Settlement Agreement.

9.   <u>Severance.</u>   If any provision of this PAGA Settlement Agreement is held to be invalid by a court of competent jurisdiction, that provision shall be deemed severed and deleted from this PAGA Settlement Agreement, and neither that provision nor its severance and deletion shall affect the validity of the remaining provisions.  Notwithstanding the foregoing, no portion of any release contained herein may be deemed severed or deleted from this PAGA Settlement Agreement, except upon waiver in writing by all Releasees.  If such release is found to be invalid, this entire PAGA Settlement Agreement shall be deemed null and void.

10.   <u>Choice of Law.</u>   This PAGA Settlement Agreement is to be interpreted pursuant to the laws of California, except where the application of federal law applies.

11.   <u>Counterparts</u>.   This PAGA Settlement Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.  Furthermore, signatures delivered via facsimile transmission or via email will have the same force and effect as the originals thereof, except that any Party has the right to insist on receipt of the original signature of the other Party before complying with its own obligations under this Agreement.

**THIS SECTION LEFT INTENTIONALLY BLANK**

DocuSign Envelope ID: 7A3BC891-202E-433B-A60B-D438C3CF98A7

**HAVING READ, UNDERSTOOD, AND AGREED TO THE FOREGOING TERMS AND CONDITIONS, THE PARTIES HEREBY VOLUNTARILY EXECUTE THIS PAGA SETTLEMENT AGREEMENT BY PLACING THEIR SIGNATURES BELOW.**

Date: 5/19/2020 , 2020

By: Ashlee Bailey

Date 5/21 , 2020

UNITED GROUND EXPRESS, INC.

By: _Christine Schuver_
Its: _HR Director_

APPROVED AS TO FORM:

Date 5/19/2020 , 2020

David Garrett
Counsel for Plaintiff Ashlee Bailey

Date: 5/22 , 2020

Carlos Jimenez
Counsel for Defendant United Ground Express, Inc.

4828-0090-8988.4

Page 5 of 5